UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

| | |
|---|---|
| MARLON L. FAIRBROTHER, | )<br>) |
| Petitioner, | ) Case No. 1:06-cv-697<br>) |
| v. | ) Honorable Robert Holmes Bell<br>) |
| MARY BERGHUIS, et al., | )<br>) **MEMORANDUM OPINION** |
| Respondents. | ) |
| _____ | ) |

This habeas corpus action is before the court for *de novo* review of petitioner's objections to the report and recommendation of the magistrate judge. Proceeding under Rule 4 of the Rules Governing Section 2254 Cases, the magistrate judge concluded that petitioner's challenge to the denial of parole by the Michigan Parole Board in September 2006 should be summarily dismissed, because Michigan prisoners do not have a liberty interest in being released on parole before the expiration of their prison terms. Petitioner has filed timely objections.

On *de novo* review, the court concurs with the conclusion that Michigan prisoners have no protectible liberty interest in being released on parole. In order to have any federal claim arising from an alleged due-process violation leading up to the denial of parole, a prisoner must first show that state law grants him a liberty interest in being released on parole. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). The right to be released on parole does not spring from the Constitution itself. *See Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Rather, the court must look to the

provisions of state law to determine whether a prisoner has a reasonable expectation of being released on parole. A state creates a protected liberty interest by placing substantive limitations on official discretion. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989). The most common manner in which a state creates a liberty interest is by establishing "substantive predicates" to govern official decision-making and, further, by dictating the outcome to be reached upon a finding that the relevant criteria have been met. *Id.* The governing Michigan statute, MICH. COMP. LAWS § 791.234, creates no such liberty interest. The statute provides that a prisoner shall not be released until his minimum term of imprisonment has been served. MICH. COMP. LAWS § 791.234(2). Although the statute requires that the Parole Board consult guidelines, release is not required in any circumstances.

The *en banc* Sixth Circuit examined Michigan's parole system in *Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994) (*en banc*), finding that parole is discretionary in Michigan and that the statute does not create a liberty interest. Since the *Sweeton* decision was handed down, the Michigan Legislature has amended the statute to add certain procedural requirements, but has never adopted mandatory language that requires release on parole. Although the Court of Appeals has never issued a published decision on the issue after *Sweeton*, the magistrate judge was correct in noting that the Sixth Circuit has issued numerous unpublished decisions that continue to affirm the lack of a liberty interest under Michigan law. As the Court of Appeals stated in a recent decision:

> Michigan law, which imbues the Parole Board with broad discretion, does not create a liberty interest in the granting of parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (*en banc*). (Though Michigan statutes governing parole procedures have been amended in minor ways since *Sweeton*, the Legislature has made no alterations that would change the result in that case. *See* MICH. COMP. LAWS §§ 791.234-.235.) Therefore, even if the Parole Board relied on inaccurate information to deny [plaintiff] parole, it did not violate any liberty interest protected by the United States Constitution.

-2-

*Caldwell v. McNutt*, 158 F. App'x 739, 740 (6th Cir. 2006). The report and recommendation cites numerous other Sixth Circuit decisions to the same effect.

Against this overwhelming authority, petitioner raises only insubstantial arguments. First, he points to the existence of some mandatory language in the statutes governing parole. As noted above, however, the existence of some mandatory language is not enough. To create a liberty interest, the mandatory language must require release on parole upon a finding that the relevant criteria have been met. *See, e.g., McIntosh v. Booker*, 300 F. Supp. 2d 498, 501 (E.D. Mich. 2004) ("While the statute provides factors for the Parole Board to consider, it does not mandate parole if certain criteria are met."). Petitioner also complains that the magistrate judge cited numerous unpublished decisions of the Court of Appeals. It is not the magistrate judge's fault that the Court of Appeals has chosen not to publish an opinion in this area since the *en banc Sweeton* decision. In this court's opinion, the decision of the Court of Appeals not to publish in this area demonstrates that the law is settled and that publishing of further opinions would not add to the court's jurisprudence. In any event, unpublished decisions are binding on the lower courts in the absence of a contrary published decision. Petitioner cannot point to a single decision of the Court of Appeals, published or unpublished, that recognizes the existence of a liberty interest in the Michigan system.

Having reviewed the objections to the report and recommendation under a *de novo* standard, the court concludes that petitioner's habeas corpus challenge to the denial of parole fails to state a violation of constitutional rights and is subject to summary dismissal. An order of dismissal will enter.

Dated:     November 8, 2006               /s/ Robert Holmes Bell
                                                                 ROBERT HOLMES BELL
                                                                 CHIEF UNITED STATES DISTRICT JUDGE